Lundstedt v. Deutsche Bank National Trust

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             RICHARD J. SULLIVAN,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

PETER LUNDSTEDT,

          *Plaintiffs-Appellants*,

          v.                                                    18-2575-cv

JP MORGAN CHASE BANK, N.A., JPMCB, AS THE OWNER
OF WAMU AN LONG BEACH MORTGAGE LOAN TRUST,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
SELECT PORTFOLIO SERVICES, INC., SPS,
FKA FAIRBANKS CAPITOL 2004,

          *Defendants-Appellees*.[1]

_____

Appearing for Appellant:          Peter Lundstedt, pro se, Greenwich, CT.

Appearing for Appellee
JP Morgan Chase Bank, N.A.:        Brian D. Rich, Halloran & Sage LLP, Hartford, CT.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellees Deutsche
Bank National Trust Company and
Select Portfolio Services, Inc.:        Pierre-Yves Kolakowski, Zeichner Ellman & Krause LLP,
Stamford, CT.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Peter Lundstedt, proceeding pro se, appeals the district court's judgment in favor of defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Select Portfolio Servicing, Inc. ("SPS"), and JP Morgan Chase Bank ("Chase") on his claims for fraud, negligent infliction of emotional distress ("NIED"), and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and other federal statutes in connection with a mortgage loan following a foreclosure in state court.   The district court granted in part the defendants' motions to dismiss and for summary judgment and entered judgment in favor of the defendants after a jury returned a verdict in favor of Chase on the remaining NIED claim; it also denied Lundstedt's post-judgment motion for a new trial.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.       Waiver and Abandonment of Claims

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks and citation omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citing Fed. R. App. P. 28(a)).  We "normally will not[] decide issues that a party fails to raise in his or her appellate brief."  *Id.* (citation omitted); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*"); *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) ("The courts of appeals generally do not consider arguments raised for the first time in reply briefs"). We thus consider only the claims dismissed pursuant to Federal Rule of Civil Procedure 56 and the FDCPA claim against Chase dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). We decline to consider the remaining claims as Lundstedt failed to challenge them in his opening brief.

Lundstedt primarily argues that the district court erred in dismissing his NIED claim against Deutsche Bank and SPS premised on an allegation that he became emotionally distressed when they attempted to enforce what he alleged was a void or unenforceable agreement. While Lundstedt's initial complaint could be liberally construed to raise such a claim, the district court did not dismiss it; Lundstedt abandoned it by filing a Third Amended Complaint (the "TAC") that premised his NIED claim on his receipt of repeated telephone calls from Chase. *See Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of

no legal effect.") (internal quotation marks and citation omitted). Although Lundstedt filed his complaints pro se, nothing in the TAC indicated an intent to incorporate causes of action from prior complaints. Accordingly, we also decline to address this claim on appeal.

Lundstedt also argues that the district court erred when it failed to instruct the jury that the subject of the phone calls—the note—was invalid. "[A] party who fails to object to a jury instruction at trial ordinarily waives consideration of any claim relating to that charge on appeal." *Girden v. Sandals Int'l*, 262 F.3d 195, 202 (2d Cir. 2001) (citing Fed. R. Civ. P. 51). Lundstedt's attorney agreed to an instruction that the validity of the note was not in issue.[2] We find no error.

## II. FDCPA Claim

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The district court liberally construed plaintiff's TAC to include a cause of action under the FDCPA. In relevant part, the FDCPA prohibits "debt collector[s]" from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt[,]" including by "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Accordingly, to state a claim under this section, a plaintiff must allege that the defendant is a "debt collector" within the meaning of the FDCPA— in essence, that the defendant is in the business of collecting debts owed to another. *See id.*; 15 U.S.C. § 1692a(6) (defining a "debt collector," as relevant here, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *see also Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."). The district court did not err in concluding that the TAC failed to state an FDCPA claim against Chase because regardless of the evidence presented at later stages of the litigation, the TAC did not plausibly allege that Chase was a debt collector.

---

[2] To the extent that Lundstedt argues that the attorney who represented him at trial was ineffective, this argument fails: "except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases"—and, by extension, no right to effective counsel. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).[3] We construe Lundstedt's final stay status update letter to this Court as an amended notice of appeal conferring jurisdiction to review the district court's disposition of Lundstedt's post-judgment motions. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (Court "construe[s] notices of appeal liberally, taking the parties' intentions into account"); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("informal brief" filed in a circuit court could suffice as a notice of appeal); *see also* Fed. R. App. P. 4(d).

## III. Discovery and Evidentiary Rulings

We generally review discovery and evidentiary rulings for abuse of discretion. *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (discovery); *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006) (evidentiary rulings). Scheduling matters are also reviewed for abuse of discretion. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Where a party seeking review on appeal failed to make an objection in the district court, those evidentiary rulings are reviewed for plain error. *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 55 (2d Cir. 2000).

A district court abuses its discretion in a discovery ruling "only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005) (recognizing district court's "broad discretion to manage pre-trial discovery"). Moreover, "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, the district court did not abuse its discretion in declining to reopen discovery for the disclosure of an expert witness because the request came more than a year after the close of discovery, nearly two years after the deadline for such disclosures, and less than two months prior to trial. Although he was pro se, Lundstedt had ample time to identify and disclose an expert witness during the discovery period, which ended three and a half years after he initiated this lawsuit.

Under Federal Rule of Evidence 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "We afford great deference to the district court's balancing under Rule 403," and will overrule the decision only if it was "arbitrary and irrational." *United States v. Desposito*, 704 F.3d 221, 234 (2d Cir. 2013). Here, the issue before the jury was whether Chase was liable for NIED based on its phone calls to Lundstedt. The district court's exclusion of evidence supporting Lundstedt's belief that the notes and foreclosure action discussed in those calls were invalid or illegal was not "arbitrary and irrational." *Id.* Because the validity of the notes and foreclosure were not directly at issue in the trial, we agree that the probative value of such evidence was substantially outweighed by the risk of confusing the issues and misleading the jury. *See* Fed. R. Evid. 403.

Finally, Lundstedt did not object to the admission of Chase's exhibits at trial, and he has not shown that their admission was plain error. *See Caruolo*, 226 F.3d at 55 (admission of evidence is plain error if the ruling "resulted in a miscarriage of justice or is an obvious instance of misapplied law") (internal quotation marks and alterations omitted). Lundstedt's appellate argument is that these exhibits were improper because they included "parol evidence" or otherwise misrepresented which note was being discussed and whether the notes were valid. As discussed above, the validity of the notes was not in issue at trial, so the admission of Chase's evidence suggesting their validity would not have affected the trial's outcome. The parol

4

evidence rule is a principle of contract interpretation and is not relevant here because the jury was not instructed to interpret a contract. *See Parol-Evidence Rule,* Black's Law Dictionary (11th ed. 2019) (recognizing that "a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing.").

## IV.     Jury Verdict and Rule 59(a) Motion[3]

We review the denial of a motion for a new trial under Fed. R. Civ. P. 59(a) for abuse of discretion. *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). A new trial is warranted "only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Id.* at 99 (internal quotation marks omitted). When considering a Rule 59(a) motion based on the sufficiency of the evidence, this Court's "cases teach that a high degree of deference is accorded to the jury's evaluation of witness credibility, and that jury verdicts should be disturbed with great infrequency." *Id.* at 97–98 (internal quotation marks and alterations omitted). The district court did not abuse its discretion in denying a new trial here: the jury was not required to credit Lundstedt's testimony that his emotional distress was caused by Chase's telephone calls, particularly after hearing evidence that Lundstedt was experiencing a number of difficulties independent of the calls at around the same time.

Lundstedt also moves in this Court to supplement the record. Because the proffered documents would not affect our decision to affirm the judgment, the motion is DENIED. *See* Fed. R. App. P. 10(e)(2). We have considered the remainder of Lundstedt's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED, and Lundstedt's motion to supplement the record is DENIED. Each side shall bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We construe Lundstedt's final stay status update letter to this Court as an amended notice of appeal conferring jurisdiction to review the district court's disposition of Lundstedt's post-judgment motions. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (Court "construe[s] notices of appeal liberally, taking the parties' intentions into account"); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("informal brief" filed in a circuit court could suffice as a notice of appeal); *see also* Fed. R. App. P. 4(d).